IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis E. Richardson, ) | Civil Action No.: 4:11-cv-00010-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Federal Bureau of Investigation, Equal ) | |
| Employment Opportunity Commission, ) | |
| Hartsville Office of Employment ) | |
| Commission of South Carolina, Columbia ) | |
| Office of Employment Commission of ) | |
| South Carolina, Hartsville Police ) | |
| Department, Richland County Sheriffs ) | |
| Department, Darlington County Sheriffs ) | |
| Department, Household of Faith Church, ) | |
| Centenary AME Church, Tribe of Judah ) | |
| Church, Ms. Gent Jackson, Peachtree ) | |
| Place Apartments, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. This matter is now before the court with the [Docket Entry 14] Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges[1] filed on March 8, 2011. In the R & R, the Magistrate Judge recommended that the court should dismiss Plaintiff's complaint without prejudice. Plaintiff timely filed objections to the R & R. *See* Obj. [Docket Entry 16].

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court.

---

[1] This matter was referred to Magistrate Judge Hodges pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e), D.S.C.

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

In her R & R, the Magistrate Judge recommended summary dismissal of the Complaint in this case. *See* R & R at 13 ("For the foregoing reasons, it is recommended that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process."). Plaintiff timely objected to this recommendation. However, upon review, while Plaintiff filed several objections, none are sufficient to overcome the Magistrate Judge's thorough and accurate analysis of the claims in the Complaint.

First, several of Plaintiff's objections relate only to the factual background presented in the R & R. Even accepting these objections as true, they effect changes only to the facts of the case and do not overcome the Magistrate Judge's legal conclusions as to Plaintiff's actual claims. For example, the Magistrate Judge found in her R & R that there was "no viable federal claim [] stated

against any of the three Defendant churches," because "[p]urely private conduct such as that alleged . . . against the three churches, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment." R & R at 11-12. Plaintiff, in his objections, contends simply that there were five (5) churches participating in the alleged conduct, but that he knew the name of only three (3). *See* Obj. at 2. However, even if there were five (5) churches as opposed to three (3), with Plaintiff having failed to assert any additional accusations against those churches, the Magistrate Judge's legal conclusion remains accurate and correct–"no viable federal claim is stated against any of the . . . churches" as "purely private discrimination by the church or its members does not rise to [the] level of a constitutional violation or federal cause of action." R & R at 12. Similarly without merit, Plaintiff contends in his objections that "[t]he F.B.I. did not inform [him] in writing as to its findings as it pertained to matters of harrassment [sic] by management and its provocatuers [sic] IE Jersey City Housing Authority late 1990's." Obj. at 2. However, upon review, not only did the Magistrate Judge properly address this fact in her R & R,[2] but this objection is insufficient to overcome the legal conclusion that Plaintiff's claims against the FBI are "barred by the doctrine of sovereign immunity." R & R at 8. Accordingly, the court overrules these objections.[3]

Second, Plaintiff additionally filed the following objections: (1) "I stand firm that my African-Centered . . . views . . . are part of the reason for my continued harrassment [sic] by named

---

[2] R & R at 2 ("Specifically, [Plaintiff] claims that the FBI failed to follow up with him regarding a problem he experienced in the late 1990s at his worksite in New Jersey.")

[3] To the extent the court has not specifically addressed any of Plaintiff's objections, the court notes that it has thoroughly reviewed *de novo* the entire record, including the R & R and objections, and finds that Plaintiff's objections are without merit. This matter should be dismissed for the reasons stated by the Magistrate Judge in her R & R.

3

institutions," and (2) "In closing this objection/appeal let me state for the record . . . that the claims made there-in were/are true." Obj. at 2-3. Plaintiff thereafter re-asserted some of the same accusations contained in his Complaint. *See id.* at 3-4. Upon review, the court overrules these objections. Plaintiff, in these conclusory objections, appears to do nothing more than reiterate the truthfulness of his allegations. However, the court notes that the Magistrate Judge, in her R & R, assumed as true all of Plaintiff's allegations. *See* R & R at 3 ("When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.") (citing *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003)). Even after assuming that all of Plaintiff's allegations were true, the Magistrate Judge concluded that each individual defendant was entitled to summary dismissal. Plaintiff has failed to provide the court with any arguments sufficient to overcome this conclusion. On the other hand, the court has thoroughly reviewed the Magistrate Judge's R & R, and the entire record (including Plaintiff's objections), and finds itself in agreement with the Magistrate Judge. Thus, the court overrules these objections.

## Conclusion

The court has thoroughly reviewed the entire record, including the R & R and objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, Plaintiff's Complaint is hereby **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
April 13, 2011